**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| Mr. DONALD TIMM; Mr. REED WIMAN; PERIPHERY NEUROPHYSIOLOGY, LLC, a foreign limited liability company, | No. 25-4778 |
| | D.C. No. 2:24-cv-01570-BJR |
| Plaintiffs - Appellants, | |
| v. | MEMORANDUM* |
| JEFFREY G. OJEMANN, MD; SEATTLE CHILDREN'S HOSPITAL, a Washington non-profit corporation; PETER C. ESSELMAN, MD; GREGORY KINNEY, PhD; ASSOCIATION OF CHRMC AND UNIVERSITY PHYSICIANS, a Washington non-profit Corporation doing business as Children's University Medical Group; ASSOCIATION OF UNIVERSITY PHYSICIANS, a Washington non-profit corporation doing business as UW Physicians; STATE OF WASHINGTON, agent of University of Washington School of Medicine agent of University of Washington Medicine agent of UW Medicine; JONATHAN PERKINS, DO; SAMUEL BROWD, MD, | |
| Defendants - Appellees. | |

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Appeal from the United States District Court
for the Western District of Washington
Barbara Jacobs Rothstein, District Judge, Presiding

Argued and Submitted June 11, 2026
Seattle, Washington

Before: M. SMITH and TUNG, Circuit Judges, and HINDERAKER, District Judge.[**]
Partial Concurrence and Partial Dissent by Judge Tung.

Plaintiff-Appellant Donald Timm, joined by Plaintiffs-Appellants Reed Wiman and Periphery Neurophysiology, LLC (Periphery), appeal the district court's decision to dismiss with prejudice their claim for retaliation under the False Claims Act (FCA), 31 U.S.C. § 3730(h), for failure to state a claim, and also appeal the district court's denial of their motion to alter or amend the judgment pursuant to Federal Rule of Civil Procedure 59(e). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm in part and reverse and remand in part. We recount the facts of this case only as necessary to our disposition.

1. We review de novo a district court's dismissal for failure to state a claim. *See Benavidez v. County of San Diego*, 993 F.3d 1134, 1141 (9th Cir. 2021). To state a claim for retaliation under the FCA, a plaintiff must plausibly allege that: (i) the plaintiff engaged in FCA-protected conduct; (ii) the defendant knew that the plaintiff engaged in protected conduct; and (iii) the defendant

---

[**]    The Honorable John Charles Hinderaker, United States District Judge for the District of Arizona, sitting by designation.

discriminated against the plaintiff because they engaged in protected conduct. *See Mooney v. Fife*, 118 F.4th 1081, 1089 (9th Cir. 2024). We affirm the district court's dismissal of Plaintiffs' retaliation claim against Seattle Children's Hospital (SCH) for failure to state a claim. Even assuming that Plaintiffs engaged in protected activity when they reported their concerns about SCH's use of University of Washington (UW) professionals with Ph.D.s to provide oversight services during intraoperative neurophysiological monitoring (IONM) procedures, Plaintiffs have failed to plausibly allege that SCH took retaliatory action against them because they did so.

First, Plaintiffs alleged that SCH retaliated against them by replacing them with another provider, Specialty Care, on scheduled procedures "involving the UW Ph.D.s." However, Plaintiffs do not direct us to any plausible, non-conclusory allegation in their second amended complaint (SAC) that SCH replaced Periphery technologists with Specialty Care providers *because* Plaintiffs reported their concern about the UW oversight professionals. Instead, SCH allowed its surgeons to continue using the UW oversight professionals if the surgeons preferred, which necessarily meant that Plaintiffs would not work on all scheduled procedures because Plaintiffs were unwilling to work with UW oversight professionals.

Plaintiffs' allegation that SCH harassed them in retaliation for their protected activity fares no better. As the district court concluded, Plaintiffs did not

raise any allegation of harassment in opposition to the Defendants' motion to dismiss. On appeal, Plaintiffs highlight their allegation that Defendant Dr. Gregory Kinney emailed Timm and "accused" Plaintiffs of "getting [the UW oversight professionals] removed from SCH." But Kinney is a University of Washington employee, not an SCH employee. Plaintiffs bring their FCA retaliation claim against SCH alone.[1]

Plaintiffs also highlight on appeal their allegation that Defendant Dr. Jonathan Perkins, an SCH surgeon, was once "visibly angry" toward them in an operating room, but we are not persuaded that this allegation plausibly alleges that SCH harassed them because of their alleged protected conduct. Regardless, the allegation is insufficient to state a claim for actionable harassment under the FCA. *See Moore v. Cal. Inst. of Tech. Jet Propulsion Lab'y*, 275 F.3d 838, 847–48 (9th Cir. 2002).

Last, we reject Plaintiffs' "constructive non-renewal" theory as a matter of law. While non-renewal of an employment contract may constitute retaliation, *see MacIntyre v. Carroll Coll.*, 48 F.4th 950, 955–56 (9th Cir. 2022), Plaintiffs' constructive non-renewal theory is not cognizable on the facts alleged. *See Poland v. Chertoff*, 494 F.3d 1174, 1184–86 (9th Cir. 2007); *Brooks v. City of San Mateo*,

---

[1] Plaintiffs also initially asserted this claim against Children's University Medical Group (CUMG), but they voluntarily withdrew the claim with respect to CUMG.

229 F.3d 917, 930 (9th Cir. 2000). A claim for constructive discharge requires that a "reasonable person in [the plaintiff's] position" would have "felt that he was forced to quit because of intolerable and discriminatory working conditions." *Moore*, 275 F.3d at 847 (citation modified). But Plaintiffs continued to provide IONM services for over 15 months after reporting their compliance concerns. Such conduct is inconsistent with their argument that a reasonable person in their position would have "felt . . . forced" to discontinue working with SCH "because of intolerable and discriminatory working conditions." *Id.* (citation modified). Instead, Plaintiffs tolerated their working conditions until the term of their initial agreement ended and chose to cut off discussions with SCH related to renewal of that agreement. Thus, the district court correctly concluded that "Plaintiffs' attempt to characterize *their* decision to abandon contract negotiations as a retaliatory act *by SCH* is unsubstantiated and implausible."

Accordingly, we affirm the district court's dismissal of Plaintiffs' claim for retaliation under the FCA. Plaintiffs' other claims were brought pursuant to state law, and the district court did not abuse its discretion by declining to exercise supplemental jurisdiction over them. *See* 28 U.S.C. § 1367(c)(3).

2.     We review a district court's dismissal with prejudice for abuse of discretion. *Benavidez*, 993 F.3d at 1141–42. Here, we conclude that the district court abused its discretion by dismissing the SAC with prejudice without

explanation.  "A simple denial of leave to amend without any explanation by the district court is subject to reversal" because "[s]uch a judgment is 'not an exercise of discretion'" at all.  *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).  Federal courts consider various factors when deciding whether leave to amend is appropriate, *Foman*, 371 U.S. at 182, but the district court failed to explain which, if any, justified its denial.  "Because the district court did not determine, nor can we conclude, that the allegation of other facts could not possibly cure the deficiencies in [Plaintiffs'] complaint," *Doe v. United States*, 58 F.3d 494, 496 (9th Cir. 1995) (citation modified), we reverse and remand to the district court for further consideration.  *See United States v. Webb*, 655 F.2d 977, 980 (9th Cir. 1981).

3.　　Reviewing for abuse of discretion, *see Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 883, 890 (9th Cir. 2000), we affirm the district court's denial of Plaintiffs' motion to amend or alter the district court's judgment pursuant to Federal Rule of Civil Procedure 59(e).  Even assuming that the evidence referenced in Plaintiffs' motion could be considered "new," we are not persuaded that the district court applied the wrong legal standard, nor are we left with a "definite and firm conviction" that the district court erred by concluding that Plaintiffs failed to demonstrate that their proffered exhibits would have been

6                                    25-4778

material or reviewable at this stage. *United States v. Hinkson*, 585 F.3d 1247, 1261–63 (9th Cir. 2009).

**AFFIRMED in part and REVERSED & REMANDED in part.**[2] The pending motion to vacate the district court's order staying its remand order, Dkt. 17, is **DENIED** as moot.[3]

---

[2] Each party shall bear their own costs on appeal. *See* Fed. R. App. P. 39(a)(4).
[3] To the extent that Plaintiffs challenge the district court's order staying its own remand order in their opening brief, we deny that request as moot.



*Timm, et al. v. Ojemann, et al.*, Case No. 25-4778

TUNG, Circuit Judge, concurring in part and dissenting in part:

I concur in all parts of the panel's order, except for its reversal of the district court's dismissal of Plaintiffs' complaint *with* prejudice. In my view, the district court properly dismissed the complaint with prejudice. I would affirm in full.

Plaintiffs contracted with Seattle Children's Hospital to provide intraoperative neurophysiological monitoring services. That relationship soured. Plaintiffs sued the Hospital and other defendants under the False Claims Act and state causes of action, alleging that Defendants retaliated against Plaintiffs (by replacing Plaintiffs with other providers and denying contract renewal) after Plaintiffs complained about purported substandard licensing requirements for other Hospital contractors.

The district court dismissed Plaintiffs' complaint with prejudice after the Plaintiffs had already amended their complaint twice. We review a district court's denial of leave to amend for abuse of discretion. *Dougherty v. City of Covina*, 654 F.3d 892, 897 (9th Cir. 2011). "While it may be preferable that reasons [for dismissal with prejudice] be stated on the record," we have excused a district court's failure to do so when "it seems fairly obvious that denial was based on the futility of amendment." *Roth v. Garcia Marquez*, 942 F.2d 617, 629 (9th Cir. 1991).

Amendment would have been futile here. We know this, because none of the *additional* evidence that Plaintiffs proffered in their motion to amend or alter the

1

judgment under Federal Rule of Civil Procedure 59(e)—which the district court denied—would have salvaged his dismissed complaint. The evidence consisted of communications related to the licensure requirements for oversight professionals (1–SER–66–71); communications at the Hospital about Plaintiffs' concern over the conduct of certain professionals working for the Hospital (1–SER–72–73); and communications between the Hospital and the University of Washington regarding Plaintiffs' replacement (1–SER–80). None of this was material to Plaintiffs' retaliation claim, as the district court concluded. 1–SER–10. And today, the panel does not disturb that conclusion in affirming the district court's denial of Plaintiffs' motion to amend or alter the judgment. Op. at 6. Following that logic, the panel should have likewise affirmed the district court's dismissal with prejudice.

The panel's order reversing and remanding thus serves only to add pointless work atop a district court's already full plate. Our job is not to force district court judges to carry coals to Newcastle. We should be affirming when the judgment is obviously supported by the record. I respectfully dissent.

2